# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40495

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 332** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 23, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TERRY LEE ASH,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment of conviction and unified sentence of life, with fifteen years determinate, for felony operating a motor vehicle under the influence of alcohol with a persistent violator enhancement, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Terry Lee Ash was found guilty of operating a motor vehicle under the influence of alcohol (DUI), Idaho Code § 18-8004, and admitted to having a prior felony DUI conviction within fifteen years, I.C. § 18-8005(9), and to being a persistent violator, I.C. § 19-2514. The district court sentenced Ash to a unified term of life, with fifteen years determinate. Ash subsequently filed an Idaho Criminal Rule 35 motion, which the district court denied. Ash now appeals, contending his sentence is excessive and contending the district court abused its discretion in denying his Rule 35 motion.

1

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1884 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

As the district court noted, the record in this case reveals that Ash has a long history of DUI offenses and is a danger to the community:

> [C]ertainly it is the case that you have a substantial, significant and lifetime criminal record.
>
> By my calculation, going through all these presentence materials, you have a lifetime total of some 35 misdemeanor convictions. Of those misdemeanor convictions, there are at least 11 prior DUI convictions.
>
> Your other convictions include offenses running the range and a gamut from eluding, theft, alcohol, driving without privileges, assaultive behavior and resisting/obstructing officers. You have many other arrests that did not result in convictions as misdemeanors.
>
> You have nine lifetime total felonies, of which five are prior felony DUI's. Your other felonies include theft-related offenses, checks, and eluding. And you have had felony DUI charges dismissed as part of plea bargains in other cases, or in another case at least.
>
> You have been sent to prison four times in your adult life for felony DUI. Most recently you were released from prison on your most recent incarceration for felony DUI in October of 2010, approximately 11 months before your arrest in this incident.

The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts.

*Toohill*, 103 Idaho at 568, 650 P.2d at 710.  If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court.  *Id.* Having thoroughly reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Ash's Rule 35 motion.  A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence.  *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).  Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Ash's judgment of conviction and sentence, and the district court's order denying Ash's Rule 35 motion, are affirmed.